Statement of the case.

[No. 1561.]

WALLACE THOMPSON v. THE STATE.

1. INFORMATIONS—PLEADING.—An information is the official act of the State's attorney, and not the act of the person upon whose affidavit it is made; and it must clearly appear on the face of the information that the charge against the accused is preferred by the attorney. See an information *held* insufficient to charge the offense of aggravated assault.
2. SAME—CONSTITUTIONAL LAW.—Section 12 of Article 5 of the Constitution requires that all prosecutions shall conclude with the words: "Against the peace and dignity of the State." The omission of the word "the" before the word "State" is fatal to the sufficiency of an indictment or information.

APPEAL from the County Court of Delta. Tried below before the Hon. D. H. Lane, County Judge.

The information in this case reads as follows:

"In the name and by the authority of the State of Texas: And now comes J. A. Templeton, county attorney in and for the county of Delta, and State of Texas, duly elected and qualified, now presents here in the County Court of said county, this information, and files with it the affidavit of one W. T. McKinney, on which it is based, and shows to the court that heretofore, on to-wit, the fifth day of October, A. D. 1882, in Delta county, State of Texas, one R. Thompson and one Wallace Thompson, acting together and with each other, did unlawfully make and commit an aggravated assault in and upon the person of W. T. McKinney, by then and there pointing at and toward the said W. T. McKinney, within shooting distance of him, a certain gun, which gun was then and there a deadly weapon, and was then and there had and held in the hands of the said R. Thompson, against the peace and dignity of State.

"J. A. TEMPLETON,
"County Attorney, Delta County."

The appellant, being alone upon trial, was convicted, and his punishment assessed at a fine of twenty-five dollars.

*E. B. Perkins*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

WILLSON, JUDGE.   We are of the opinion that the information is fatally defective in two respects.

1.   It does not clearly show that the county attorney makes the charge against the defendant.   It is in almost identically the same form as was the information in *Prophit* v. *The State*, 12 Texas Court of Appeals, 233, which was held to be insufficient.

2.   It concludes, "against the peace and dignity of State," omitting the word "the," which should immediately precede the word "State."   Section 12, Article 5 of the Constitution requires that all *prosecutions* shall conclude "against the peace and dignity of the State," and this requirement applies as well to an information as to an indictment.   (*Cox* v. *The State*, 8 Texas Ct. App., 254; *Haun* v. *The State*, 13 Texas Ct. App., 383.)

In other respects we think the information sufficient.   It alleges the necessary facts to constitute an aggravated assault. (Penal Code, Art., 489, sub. 3; Art. 496, sub. 8.)

Because of the two defects in the information above pointed out, the judgment is reversed and the prosecution dismissed.

*Reversed and dismissed.*